```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

Rodney Conley,

      Petitioner,

    v.                              Case No. 2:11-cv-1142

Warden, Ross Correctional
Institution,

      Respondent.


OPINION AND ORDER

    Petitioner has filed an objection to the magistrate judge's December 20, 2013, report and recommendation recommending denial of his request for a certificate of appealability and his request to proceed in forma pauperis on appeal.  See Doc. 35.  The report and recommendation advised petitioner that objections had to be filed within fourteen days after service.  Doc. 34, p. 2.  Petitioner's objection was filed on January 16, 2014.  However, petitioner states in his objection that the envelope in which he received the report and recommendation was postmarked December 23, 2013, and that, due to the fact that he had been transferred at some undisclosed date from the Ross Correctional Institution to the institution in Mansfield, Ohio, there was an additional delay of five to seven days before he received the report and recommendation.  The objection is dated January 11, 2014.  The court will therefore address the objection.  Pursuant to 28 U.S.C. 636(b), this court has conducted a de novo review.

    On September 5, 2013, this court issued an order adopting the magistrate judge's April 25, 2013, report and recommendation which addressed the merits of petitioner's habeas petition under 28

U.S.C. §2254, and recommended dismissal of the petition. This court also certified that an appeal would not be taken in good faith, and that a certificate of appealability should be denied. See Doc. 30. On December 2, 2013, petitioner filed a notice of appeal, which the magistrate judge also construed as a request for a certificate of appealability. See Doc. 32. On December 16, 2013, petitioner filed a motion for leave to file a delayed appeal. He also submitted an affidavit of indigency, seeking leave to proceed on appeal in forma pauperis. See Doc. 33.

    In his December 20, 2013, report and recommendation, the magistrate judge noted that petitioner's notice of appeal was untimely under Fed. R. App. P. 4(a)(1)(A). That rule requires that a notice of appeal be filed no later than thirty days from the date of the district court's judgment entered on September 5, 2013. The deadline for filing the notice of appeal was October 5, 2013. Doc. 34, p. 1. The magistrate judge further noted that under Fed. R. App. P. 4(a)(5)(A), an extension of time to appeal could be granted if the motion requesting the extension is filed no later than thirty days after the time for appeal had expired, in this case, no later than November 4, 2013. Doc. 34, pp. 1-2. Petitioner did not file his notice of appeal until December 2, 2013, and he did not file his motion for leave to file a delayed appeal until December 16, 2013, beyond the time limits specified in Rule 4(a)(5)(A). The magistrate judge concluded that petitioner's notice of appeal was untimely. Doc. 34, p. 2. The magistrate judge further noted that this court had already determined in its order of September 5, 2013, that a certificate of appealability should not issue. The magistrate judge recommended the denial of petitioner's motion for

leave to file a delayed appeal and for a certificate of appealability.  Doc. 34, p. 2.

In his January 16, 2014, objection to the December 20, 2013, report and recommendation, petitioner did not address the issues discussed by the magistrate judge in that report and recommendation.  Rather, he repeated arguments concerning the merits of his claim that the statements of the victim introduced at trial as a dying declaration constituted inadmissible hearsay.  He also alleged that his conviction was against the manifest weight of the evidence.

As to petitioner's motion for a delayed appeal, the court notes that compliance with Rule 4(a) is a mandatory prerequisite that this court may neither waive nor extend.  Bowles v. Russell, 551 U.S. 205, 214 (2007); Ultimate Appliance CC v. Kirby Co., 601 F.3d 414, 415-16 (6th Cir. 2010).  This court may not enlarge the time for filing a notice of appeal except as authorized in Rule 4.  Fed. R. App. P. 26(b).  A district court may reopen the time to file an appeal pursuant to Fed. R. App. P. 4(a)(6) for a period of fourteen days after the date when its order to reopen is entered, if:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6)(A)-(C).

The docket reflects that the final judgment of dismissal of this action was mailed to petitioner on September 5, 2013.  His only arguments in support of a delayed appeal are that he had no knowledge of the law, that he had been confined in isolation, and that the law library was not sending him the law he needed to pursue his appeal.  This is insufficient to satisfy the requirements of Rule 4(a)(6).  This court previously held in its order of September 5, 2013, that a certificate of appealability was not warranted, and petitioner has advanced no arguments in his objection which would convince the court otherwise.

Petitioner's objection (Doc. 35) to the report and recommendation is denied.  The report and recommendation (Doc. 34) is adopted and affirmed.  Petitioner's motion for leave to file a delayed appeal and to proceed in forma pauperis (Doc. 33) and his request for a certificate of appealability are denied.

Date: February 4, 2014            s/James L. Graham
                                  James L. Graham
                                  United States District Judge